# United States Tax Court

T.C. Summary Opinion 2023-1

JOHN M. VASSILIADES AND ELIZA ORTIZLUIS VASSILIADES,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12283-20S.                    Filed January 9, 2023.

————

John M. Vassiliades and Eliza Ortizluis Vassiliades, pro sese.

*Jeffrey A. Rodgers* and *James D. Lyon*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 21, 2020, respondent determined a deficiency in petitioners' federal income tax of $2,500 for taxable year 2018 (year in issue).  The deficiency is attributable entirely to the disallowance of the American Opportunity Credit (AOC) that petitioners claimed on their 2018 federal income tax return.  The sole

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

issue for decision is whether petitioners are entitled to an AOC for the year in issue.

## *Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and the attached Exhibits by this reference. The record consists of the Stipulation of Facts with attached Exhibits and the testimony of John M. Vassiliades (petitioner).

Petitioners resided in California when the Petition was timely filed.

## I. *Education Expenses*

Petitioner has a daughter, AM, from a prior relationship, who was enrolled in postsecondary education at University College London (UCL) during the year in issue.[2] UCL is a university in London, United Kingdom (UK). AM was enrolled full time at UCL as a student in the division of medicine, pursuing a bachelor's degree from September 2017 to July 2020.

AM had a bank account at Westminister Bank in the UK while she was enrolled in UCL. Petitioner would wire funds to AM's account, and AM would pay for school tuition, fees, and other expenses. The UCL Student Fees Department notes an online payment on AM's account of £3,083 on September 12, 2017. Payment was made by "Online Payment by credit or debit card from Mrs Anna Theorides." Anna Theorides is AM's mother and not a party to this matter.

On December 11, 2017, petitioner wired £2,000 to AM converted from $2,762.40 as an international wire transfer from petitioner's account at Bank of America (BOA). On March 8, 2018, petitioner ordered 2,000€, converted from $2,610.60 via BOA Foreign Currency Services to be picked up at a local BOA branch in La Palma, California. On December 15, 2018, petitioner wired £2,313.57 to AM, converted from $3,000.

---

[2] It is the policy of this Court not to identify minor children by name. Petitioner's daughter's age is unclear from the record. Therefore, we refer to petitioner's daughter by her initials. *See* Rule 27(a)(3).

Petitioners' home was burglarized on November 4, 2018, resulting in the theft of valuables and various important documents. A police report was filed describing the burglary and listing missing property.

II.    *Petitioners' Tax Return and Examination*

Petitioners timely filed their 2018 Form 1040, U.S. Individual Income Tax Return, on March 22, 2019. A paid return preparer assisted petitioners. Petitioners claimed AM as a dependent for the year in issue.

On their Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits), petitioners claimed the AOC, consisting of a nonrefundable education credit of $1,500 and a refundable education credit of $1,000 due to qualified education expenses paid during AM's enrollment at UCL for the year in issue. Petitioners did not receive a Form 1098–T, Tuition Statement, from UCL for the year in issue.

Upon examination of the return, petitioners failed to establish to respondent's satisfaction that they paid qualified education expenses during the taxable year. On September 21, 2020, respondent issued a notice deficiency to petitioners for the year in issue disallowing $2,500 of claimed AOC.

*Discussion*

I.    *Burden of Proof*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayers bear the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Like deductions, tax credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed. *See* Rule 142(a); *Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Taxpayers must also maintain adequate records to substantiate the amounts of any credits. *See* § 6001; Treas. Reg. § 1.6001-1(a).

In certain circumstances the burden of proof shifts to the Commissioner if the taxpayers introduce credible evidence with respect to any factual issues relevant to ascertaining the taxpayers' tax liability. *See* § 7491(a)(1). Because petitioners have not alleged or shown that section 7491(a) applies, the burden of proof remains on them.

II.    *Education Credits*

The Code allows for a variety of education credits, including the AOC.  The AOC provides for a credit against tax equal to 100% of qualified tuition and related expenses paid by a taxpayer during the taxable year up to $2,000, plus 25% of such expenses paid that exceed $2,000 but do not exceed $4,000, allowing for a maximum credit of $2,500.  § 25A(b)(1).  "Qualified tuition and related expenses" include tuition and fees at an eligible educational institution that the taxpayer, the taxpayer's spouse, or the taxpayer's dependent attends, as well as course materials.  § 25A(f)(1)(A), (D).  Up to 40% of the credit may be refundable.  § 25A(i).  The credit is allowed for the first four years of postsecondary education for qualified tuition and expenses including required course materials.  § 25A(b)(2)(C), (f)(1)(D).  The credit is available only if (among other things) the student is enrolled at least half time for at least one academic period that begins during the taxable year.  *See* § 25A(b)(2)(B).

AM was claimed as a dependent by petitioners and was enrolled full time at UCL, an eligible, accredited institution during the year in issue.  To substantiate AM's education expenses, petitioners provided receipts of various wire transfers to AM, conversions of currency, and a receipt for an online payment made to UCL in 2017.  While AM received money from petitioner during the year in issue, the submitted UCL receipt is for a different year and notes that the payment was not made by petitioner nor AM.  Rather the payment for that year was made by AM's mother, who is not a party to this matter.  Petitioner testified that he was unable to produce a tuition receipt for the year in issue because of the home burglary in November 2018.  Further, he testified he was unable to travel to the UK to retrieve relevant documents and that AM was unavailable to access receipts from UCL.[3]

While we are sympathetic to petitioners' loss and difficulty in procuring documents, from the record before us we are unable to conclude that petitioners paid qualified tuition and related expenses to UCL.  While it is likely that payments were made to UCL in 2018 for

---

[3] At trial the Court expressed concern about petitioners' failure to provide evidence to substantiate payments to UCL in 2018.  Among other options, the Court suggested that AM might be approached to provide some evidence of payments to UCL.  The Court left the record open to permit petitioner to consider additional filings.  In a subsequent Joint Status Report the parties reported they were unable to confer with AM, and petitioner indicated that he had no further information or documents to provide to the Court.

AM's continuing education, the record does not support petitioner's claim that he made any such payments. For these reasons, petitioners have failed to demonstrate their entitlement to the AOC for the year in issue.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*